IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**TURNER W. BRANCH, Individually,**
**MARGARET MOSES BRANCH, Individually,**
**ROBERT SANCHEZ, Individually, and**
**TURNER W. BRANCH, P.A., a New Mexico**
**corporation,**

      **Plaintiffs,**

    v.                                                                                                               **NO. CIV 96-931-MV/RLP**

**STEWART M. WELTMAN, Individually,**
**KENNETH A. WEXLER, Individually, and**
**MILLER FAUCHER CHERTOW CAFFERTY &**
**WEXLER, a foreign entity,**

      **Defendants.**


## AMENDED MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** is before the Court for consideration of Defendants' claims for costs incurred in opposing Plaintiffs Turner W. Branch and Margaret Moses Branch's Motion to Dismiss Plaintiffs Turner W. Branch and Margaret Moses Branch Without Prejudice filed August 7, 1997 [Doc. No. 71] as well as any litigation-related expenses, including attorney's fees, incurred defending this action against Plaintiff Branches.  Defendant Weltman's Affidavit in

---

[1] The Court's previous Memorandum Opinion and Order addressing this issue filed December 17, 1997 [Doc. No. 107] contained a mathematical error.  The total reasonable expenses incurred by Defendants Wexler and Miller Faucher Chertow Cafferty and Wexler $2,068.32 from page 4 was inadvertently listed as $1,817.07 on page 6.  The Order has been adjusted accordingly.

...

Support of Attorney's Fees **[Doc. No. 99]** and Defendants Wexler and Miller Faucher Chertow Cafferty and Wexler's Affidavit in Support of Award of Litigation-Related Expenses **[Doc. No. 98]** were both filed November 10, 1997.  Plaintiffs' Response and Objections to Defendants' Affidavits in Support of Attorney's Fees was filed on November 24, 1997 **[Doc. No. 106]**.

In their Motion to Dismiss, Plaintiffs Turner W. Branch and Margaret Moses Branch ("Plaintiff Branches") requested that the Court dismiss them without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  In an Order issued October 30, 1997, the Court found that dismissal of Plaintiff Branches should be allowed and that reimbursement to Defendants for the costs incurred in opposing the motion as well as all reasonable litigation-related expenses, including attorneys' fees, incurred by Defendants that were attributable to the presence of Plaintiff Branches in this action was an appropriate condition to allowing the dismissal of Plaintiff Branches.  As a plaintiff is entitled to withdraw a motion to dismiss if the conditions imposed by the court are too onerous, the Court requested that Defendants submit affidavits detailing these expenses so Plaintiffs would know the amount they would be required to pay if their motion was granted.

After reviewing Defendants' affidavits and Plaintiffs' objections, the Court has determined that the following amounts are the reasonable litigation-related costs and attorneys' fees incurred by Defendants that are attributable to the presence of  Plaintiff Branches in this action:

**A.  Defendants Wexler and Miller Faucher Chertow Cafferty and Wexler**

The Court finds the hourly fees submitted by counsel for Defendants Wexler and Miller Faucher Chertow Cafferty and Wexler which ranged from $85.00 per hour to $125.00 per hour to be reasonable.

1. **February 19, 1997 Motion to Dismiss**

   | Attorney | Hours | Rate | Amount |
   |---|---|---|---|
   | Dixon | 5.4 | $100 | $540.00 |
   | Lewis | 5.4 | $85 | $459.00 |
   | **Total Attorneys' Fees** | | | $999.00 |
   | Costs | | | 12.84 |
   | **Total Claimed Expenses** | | | **$1,011.84** |

The Court finds these expenses to be reasonable.

2. **August 7, 1997 Motion to Dismiss**

   | Attorney | Hours | Rate | Amount |
   |---|---|---|---|
   | Dixon | 1.7 | $125 | $ 212.50 |
   | Lewis | .2 | $100 | $  20.00 |
   | Roberts | 15.0 | $ 85 | $1,275.00 |
   | **Total Attorneys' Fees** | | | $1,507.50 |
   | Costs | | | 86.73 |
   | **Total Claimed Expenses** | | | **$1,594.23** |

The Court finds the fees associated with responding to this motion are excessive. Defendants Wexler and Miller Faucher Chertow Cafferty and Wexler offer no explanation of why the expenses associated with responding to what appears to be essentially the same motion as the February 19, 1997 Motion to Dismiss are so high. The Court, therefore, will reduce the fees by half but will allow all costs.

Defendants Wexler and Miller Faucher Chertow Cafferty and Wexler claim that preparation of the affidavit in support of their fees required 3.6 hours of work at $85.00 per hour. The Court finds the time spent is reasonable but that the rate is excessive for this type of work. The Court will allow $60 per hour, the reasonable rate for a paralegal, for this claim.

3

The Court finds the reasonable litigation-related expenses incurred by Defendants Wexler and Miller Faucher Chertow Cafferty and Wexler that are attributable to Plaintiff Branches presence in this action are as follows:

| | |
|---|---:|
| February 19, 1997 Motion to Dismiss | $1,011.84 |
| August 7, 1997 Motion to Dismiss | 840.48 |
| Preparation of Affidavit | 216.00 |
| Total Reasonable Expenses | $2,068.32 |

### B. Defendant Weltman

The Court finds the rates charged by Mr. Vigil ($110 per hour), Mr. Castle ($100 per hour) and Mr. Sparks ($110 per hour) are reasonable. However, the rate charged by paralegal Lasley ($70 per hour) is excessive. The Court has reduced this rate to $60 per hour.

#### 1. January 29, 1997 Interrogatories and Requests for Production

| Attorney | Hours | Rate | Amount |
|---|---:|---:|---:|
| Vigil | 1.0 | $110 | $ 110.00 |
| Lasley | 7.9 | $ 60 | $ 474.00 |
| **Total Attorneys' Fees** | | | $ 584.00 |
| Costs | | | 0 |
| **Total Claimed Expenses** | | | **$ 584.00** |

Defendant Weltman asserts that one half of this amount ($292) is attributable to the presence of Plaintiff Branches in this action. The Court finds that percentage is excessive. Given the undisputed assertion by Plaintiffs that essentially the same interrogatories were served on all parties, it is not reasonable to attribute 50% of the cost to the existence of two parties. The Court finds that a reasonable percentage is 25%.

**2. February 18, 1997 Motion to Dismiss**

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| Castle | 10.0 | $100 | $ 1,000.00 |
| Total Attorneys' Fees | | | $ 1,000.00 |
| Costs | | | 0 |
| **Total Claimed Expenses** | | | **$ 1,000.00** |

The Court finds this amount is reasonable.

**3. March 23, 1997 Response to Plaintiffs' Responses and Objections to Discovery Requests**:

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| Vigil | 5.3 | $110 | $  583.00 |
| Sparks | 6.3 | $110 | $  693.00 |
| Total Attorneys' Fees | | | $ 1276.00 |
| Costs | | | 0 |
| **Total Claimed Expenses** | | | **$ 1276.00** |

Defendant Weltman asserts that one half of this amount ($638) is attributable to the presence of Plaintiff Branches in this action. The Court finds that percentage is unreasonable. A review of Defendant Weltman's Response to Plaintiffs' Response and Objections reveals that none of the disputed interrogatories was addressed solely to Plaintiff Branches. Given that Defendant would have filed essentially the same Response even if Plaintiff Branches were not parties to the action, it is not reasonable to attribute 50% of the cost to the existence of these two parties. The Court finds that a reasonable percentage is 25%.

**4. July 7, 1997 Motion to Dismiss**

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| Sparks | 4.8 | $110 | $ 528.00 |
| Total Attorneys' Fees | | | $ 528.00 |

        Costs                                             0
                **Total Claimed Expenses**     **$ 528.00**

The Court finds this amount to be reasonable.

The Court finds the reasonable litigation-related expenses incurred by Defendant Weltman that are attributable to Plaintiff Branches presence in this action are as follows:

| | |
|---|---|
| January 29, 1997 Interrogatories | $ 146.00 |
| February 19, 1997 Motion to Dismiss | 1,000.00 |
| March 23, 1997 Response to Discovery Objections | 319.00 |
| August 7, 1997 Motion to Dismiss | 528.00 |
| **Total Reasonable Expenses** | **$1,993.00** |

Therefore, as a condition to granting their Motion to Dismiss, Plaintiff Branches must pay reasonable litigation related expenses in the following amounts:

| | |
|---|---|
| Defendant Weltman | $1,993.00 |
| Defendants Wexler and Miller Faucher | |
|     Chertow Cafferty and Wexler | $2,068.32 |
| **TOTAL** | **$4061.32** |

Plaintiffs will be given ten days from the date of this Order to decide if they wish to proceed with the dismissal under the conditions specified by this Court or withdraw their motion. If Plaintiffs fail to withdraw their motion during this time period, the motion will be granted and Plaintiffs will be dismissed on the condition that Defendants be reimbursed in the amounts listed in this Order.

      **IT IS THEREFORE ORDERED** that Plaintiffs have ten days from the date of this Order to withdraw their Motion to Dismiss **[Doc. No. 71]**. If Plaintiffs do not withdraw their motion within the specified time frame, the motion will be granted and Plaintiffs Turner W. Branch and Margaret Moses Branch will be dismissed from this action without prejudice on the

condition that Plaintiffs reimburse Defendants Wexler and Miller Faucher Chertow Cafferty and Wexler in the amount of $2068.32 and Defendant Weltman in the amount of $1,993.00. If Plaintiffs choose not to withdraw their motion and subsequently fail to comply with the conditions of dismissal, Plaintiffs will be dismissed with prejudice.

                                                MARTHA VÁZQUEZ
                                                UNITED STATES DISTRICT JUDGE

Attorney for Plaintiffs:

       Turner W. Branch

Attorneys for Defendant Stewart M. Weltman:

       R. Nelson Franse
       Charles J. Vigil
       Mary Keleher Castle
       Seth L. Sparks

Attorney for Defendants Kenneth A. Wexler and
Miller Faucher Chertow Cafferty and Wexler:

       Gerald G. Dixon